<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KARON ADAMS, <br><br> Petitioner, <br><br> v. <br><br> ADMIN JOHN POWELL, et al., <br><br> Respondents. | Case No. 2:19-cv-13507 (BRM) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the Amended Petition for a Writ of Habeas Corpus ("Amended Petition") of Petitioner Karon Adams ("Petitioner"), brought pursuant to 28 U.S.C. § 2254. (ECF No. 3.) Following an order to answer (ECF No. 11), Respondents filed a response to the Amended Petition. (ECF No. 12.) For the reasons set forth below, Petitioner's Amended Petition is denied, and no certificate of appealability shall issue.

**I. BACKGROUND**

On October 9, 2014, Petitioner entered a guilty plea to kidnapping, conspiracy to commit murder, aggravated manslaughter, and unlawful possession of a handgun pursuant to a negotiated plea agreement. (*See* ECF No. 12-5, Plea Transcript; *see also* ECF No. 12-7, Judgment of Conviction.) Specifically, Petitioner pled guilty to forcing the victim into the trunk of a car, driving her to Newark, and then standing lookout while his co-conspirators executed the victim in an abandoned townhouse. (*See* ECF No. 12-5, Plea Transcript at 12:19 to 16:8.)

Petitioner was indicted and charged with conspiracy to commit kidnapping, N.J.S.A. §§ 2C:5-2, 2C:13-1b(1) (count one); kidnapping, N.J.S.A. §2C:13-1b(1) (count two); conspiracy to

commit murder, N.J.S.A. §§ 2C:5-2, 2C:11-3a(1)(2) (count six); first degree murder, N.J.S.A. § 2C:11-3a(1)(2) (count seven); murder-during the commission of a crime, N.J.S.A. § 2C:11-3a(3) (count eight); unlawful possession of a weapon, N.J.S.A. § 2C:39-5b (count nine), and possession of a weapon for unlawful purposes, N.J.S.A. §2C:39-4a (count ten). (*See* ECF No. 12-7 at 2; *see also* ECF No. 12-4.) At Petitioner's plea hearing, count seven was amended to first degree aggravated manslaughter, N.J.S.A. § 2C:11-4a(1). (ECF No. 12-7.) Pursuant to the negotiated plea agreement, Petitioner pled guilty to kidnapping, conspiracy to commit murder, aggravated manslaughter, and unlawful possession of a handgun. (*See* ECF No. 12-5, Plea Transcript.) The trial court sentenced Petitioner to a term of twenty years imprisonment, subject to an eighty-five percent parole ineligibility period under the No Early Release Act, N.J.S.A. § 2C:43-7.2, and five years of parole supervision. (*See* ECF No. 12-6, Sentencing Transcript.)

Petitioner filed a Notice of Appeal with the Superior Court of New Jersey Appellate Division. (ECF No. 12-8.) On appeal, Petitioner challenged his sentence; therefore, the Appellate Division heard Petitioner's appeal on the Sentencing Oral Argument Calendar ("SOA"). (*See* ECF No. 12-9, SOA Transcript.) Petitioner's counsel argued for remand because: (1) the trial court did not consider mitigating factors brought to the court's attention, and (2) the conspiracy to commit murder conviction must merge into the manslaughter conviction. (*Id.* at 3:1–8.) On December 3, 2018, the Appellate Division remanded only for entry of an amended judgment of conviction, merging the conspiracy to commit murder into the manslaughter conviction, but affirmed Petitioner's judgment in all other respects. (ECF No. 12-10.) The New Jersey Supreme Court subsequently denied Petitioner's petition for certification. (ECF No. 12-11.) Petitioner did not file a post-conviction relief ("PCR") petition.

Petitioner filed the amended habeas petition, presently before this Court, on July 3, 2019. (ECF No. 3.) Petitioner asserts only one ground for relief, in which he argues the sentencing court erred in not considering mitigating factors raised by counsel. (*Id.* at 5.) Respondents filed an answer. (ECF No. 12.) Petitioner did not file a reply.

## II. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 provides, the district court "shall entertain an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Habeas petitioners bear the burden of establishing their entitlement to relief for each claim presented in a petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013). District courts are required to give great deference to the determinations of the state trial and appellate courts. *Renico v. Lett*, 559 U.S. 766, 772–73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for writ of habeas corpus unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States: or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[C]ontrary to clearly established Federal law" means the state court applied a rule that contradicted the governing law set forth in U.S. Supreme Court precedent or that the state court confronted a set of facts that were materially indistinguishable from U.S. Supreme Court precedent

3

and arrived at a different result than the Supreme Court. *Eley*, 712 F.3d at 846 (*citing Williams v. Taylor*, 529 U.S. 362, 405-06 (2000) (internal quotation marks omitted)). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015). An "unreasonable application" of clearly established federal law is an "objectively unreasonable" application of law, not merely an erroneous application. *Eley*, 712 F.3d at 846 (quoting *Williams*, 529 U.S. at 405, *Renico*, 559 U.S. at 773). As to 28 U.S.C. § 2254(d)(1), a federal court must confine its examination to evidence in the record. *Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011).

"When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods*, 574 U.S. at 316. Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Furthermore, "[w]hen a state court arrives at a factual finding based on credibility determinations, the habeas court must determine whether that credibility determination was unreasonable." *See Keith v. Pennsylvania*, 484 F. App'x 694, 697 (3d Cir. 2012) (citing *Rice v. Collins*, 546 U.S. 333, 339 (2006)).

Finally, to the extent that a petitioner's constitutional claims are unexhausted and/or procedurally defaulted, a court can nevertheless deny them on the merits under 28 U.S.C. § 2254(b)(2). *See Taylor v. Horn*, 504 F.3d 416, 427 (3d Cir. 2007) ("Here, because we will deny all of [petitioner's] claims on the merits, we need not address exhaustion."); *Bronshtein v. Horn*,

4

404 F.3d 700, 728 (3d Cir. 2005) (considering procedurally defaulted claim, and stating that "[u]nder 28 U.S.C. § 2254(b)(2), we may reject claims on the merits even though they were not properly exhausted, and we take that approach here").

### III. DECISION

Petitioner's singular ground for relief challenges his sentence. (ECF No. 3 at 5.) Petitioner argues that counsel presented mitigating factors in a memorandum to the sentencing court and the court only acknowledged the aggravating factors. (*Id.*) Petitioner claims the sentencing court should have considered Petitioner's age at the time of the conviction, his process during incarceration, and that it was his first felony. (*Id.*)

On direct appeal, Petitioner raised this ground for relief to the Appellate Division. The Appellate Division heard argument and found:

> Having considered the record and argument of counsel, and it appearing that the issues on appeal relate solely to the sentence imposed, we are satisfied that the sentence is not manifestly excessive or unduly punitive and does not constitute an abuse of discretion. *State v. Cassady*, 198 N.J. 165 (2009); *State v. Roth*, 95 N.J. 334 (1984).

(ECF No. 12-10, New Jersey Superior Court Appellate Division Order.)

Petitioner's claim presents a question of state law over which this Court has no jurisdiction under § 2254. "A federal court's ability to review state sentences is limited to challenges based upon proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigencies.'" *Merritt v. Bartkowski*, No. 11–3756, 2013 WL 4588722, at *15 (D.N.J. Aug. 28, 2013) (quoting *Grecco v. O'Lone*, 661 F. Supp. 408, 415 (D.N.J. 1987) (internal quotation marks and citation omitted)). Therefore, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional limitation. *See Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3d Cir.1984);

5

*see also* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). As such, Petitioner's challenge to his sentencing for failure to properly consider mitigating factors is not reviewable here. *See Jenkins v. Bartkowski*, No. 10-4972, 2014 WL 2602177, at *21 (D.N.J. June 11, 2014). Petitioner fails to cite to a constitutional provision or federal law to support his sentencing claim. For this reason, the Court denies Petitioner's claim.

Petitioner fails to allege an Eighth Amendment constitutional claim, as he only argues that the sentencing court failed to consider mitigating factors. However, even if this Court were to construe Plaintiff's claims as containing a constitutional dimension, Petitioner is still not entitled to federal habeas relief. With respect to showing that a sentence is cruel and unusual,

> [t]he Supreme Court has explained that the "Eighth Amendment, which forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to non-capital sentences." *Ewing v. California*, 538 U.S. 11, 20 (2003) (citations omitted). A court must consider three proportionality factors when evaluating Eighth Amendment challenges: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 290–92 (1983). In conducting this analysis, a court grants substantial deference to legislative decisions regarding punishments for crimes. *United States v. Rosenberg*, 806 F.2d 1169, 1175 (3d Cir.1986); *United States v. Miknevich*, 638 F.3d 178, 186 (3d Cir. 2011) ("Generally, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment . . . because we accord substantial deference to Congress, as it possesses broad authority to determine the types and limits of punishments for crimes.").
>
> The first factor acts as a gateway prong to the proportionality inquiry. The Eighth Amendment, after all, only forbids sentences that are "grossly disproportionate" for a conviction for the crime involved. If the defendant fails to demonstrate a gross imbalance between the crime and the sentence, a court's analysis of an Eighth Amendment challenge is at an end. Successful proportionality challenges in non-capital cases are "exceedingly rare." *Ewing*, 538 U.S. at 21 (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

*United States v. Burnett*, 773 F.3d 122, 136–37 (3d Cir. 2014).

Here, Petitioner pled guilty to one count of first-degree kidnapping and one count of first-degree aggravated manslaughter. *See* N.J.S.A. §§ 2C:13-1b(1); 2C:11-4a(1). In New Jersey, first-degree kidnapping calls for a sentence range of fifteen to thirty years, *see* N.J.S.A. § 2C:13-1b(1), and first-degree aggravated manslaughter calls for a sentence range of ten to thirty years, *see* N.J.S.A. § 2C:11-4a(1). Petitioner was sentenced to twenty years imprisonment, which is in the middle of the statutory range proscribed under New Jersey statutory law. Accordingly, he fails to prove that his sentence violates the Eighth Amendment. *See, e.g., Burtrim v. D'Ilio*, No. 14-4628, 2018 WL 1522706, at *17 (D.N.J. Mar. 28, 2018) (denying federal habeas relief on excessive sentence claim noting petitioner's sentence fell within statutory limits); *see also Miknevich*, 638 F.3d at 186 ("Generally, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment."). Therefore, any potential Eighth Amendment constitutional claim is also denied.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability shall issue.

## V. CONCLUSION

For the above reasons, the § 2254 habeas petition is denied, and a certificate of appealability will not issue. An appropriate Order follows.

Dated: July 25, 2022

                                         */s/ Brian R. Martinotti*
                                         **HON. BRIAN R. MARTINOTTI**
                                         **UNITED STATES DISTRICT JUDGE**